JESSE J. STARR *v.* LOREN M. HUNTLEY.

CHITTENDEN,<br>*January,*<br>1840.

Where H. received of S. goods to sell, as his agent, and it was afterwards agreed that his contract of agency was to be abandoned and he be the purchaser of the goods; such goods may be charged him on book and be recovered for in an action on book.

THIS was an action of book account. Judgment to account having been rendered, auditors were appointed, who reported that the plaintiff, who was a manufacturer of tin ware, employed the defendant, in April, 1834, to peddle wares for him and agreed to pay the defendant fifteen dollars per month for so doing; that, under this contract, the defendant received the articles charged in the plaintiff's account, and spent some part of his time from that period until the fall of 1836, in peddling the articles so received; that, during that time, the plaintiff paid the defendant, towards his wages, the sum of $58,50 and charged the same in his account; that, in the meantime, the defendant had brought to the plaintiff sundry articles which had been received in exchange for tin ware, which were credited to the defendant in the plaintiff's account and allowed by the auditors;—that, in the fall of 1836, the parties made a new agreement, which was, that the defendant should purchase of the plaintiff all the wares that the defendant had already received, and all he should thereafter receive, of the plaintiff, and pay therefor in a reasonable time, at the prices charged in the plaintiff's account, in such articles as were usually received in exchange for tin ware, at the prices credited in the plaintiff's account, and the original contract to peddle by the month, was, by the latter contract, rescinded, and the amount of $58,50, advanced by the plaintiff to the defendant, towards his wages, was to be repaid by the defendant to the plaintiff. The defendant contended, before the auditors, that the action of book account could not be maintained, but the auditors decided that it could. The auditors allowed the charges of the plaintiff, above stated, and found a balance of $84,88, due from the defendant to the plaintiff to balance book accounts.

The defendant excepted to the report " for causes appearing on the face of it." The county court overruled the exception and rendered a judgment for the plaintiff to re-

cover against the defendant the sum found due by the auditors. The defendant excepted to the decision and judgment of the county court.

*S. S. Brown* for defendant.

The report shows that the defendant, from August 1834 to the fall of 1836, was the mere hired servant of the plaintiff, and, as such, received certain property. This property, before the pretended contract in 1836, had been disposed of, and the pay returned to the plaintiff. It was not the intention of the parties, at the time of the delivery, that the defendant should be charged with the property, for it remained the property of the plaintiff until actually disposed of, by the servant, for the plaintiff's benefit. The entry made upon the books could not alter the nature of the transaction, or make the defendant liable in this form. The entry was intended, at the time, as a mere shop account and could not, by any subsequent agreement, be turned into an account against the defendant. To permit this would be dangerous. It would enable the merchant or the farmer, who kept an account with his store or his farm, to change it into an account against his hired man or his clerk, and that, too, by his own oath. The rule adopted by this court, that the articles at the time of delivery should be properly chargeable upon book, is the only safe one and should be strictly adhered to.

*Maeck & Smalley* for plaintiff.

The new contract vested the property, previously delivered to the defendant, in the defendant. Whether it was delivered previous to, or at the time of the sale, it was a proper subject of book charge, and may be recovered for in this form of action. *Hall & Chase,* vs. *Peck & Co.,* 10 Vt. R. 478. *Whiting* v. *Corwin,* 5 Vt. R. 451. *Fry* v. *Slyfield* 3 Vt. R. 246. *Newton* v. *Higgins,* 2 Vt. R. 366.

The opinion of the court was delivered by

COLLAMER, J.—The plaintiff sold to the defendant property which the defendant had previously received as plaintiff's agent. This clearly authorised the plaintiff to charge it on book. This does not fall within the doctrine that articles, not chargeable at the time of delivery, cannot become so by a subsequent contingency. If it were so, no property could be sold and charged which the vendee then held as bailee.

CHITTENDEN,
January,
1840.

Starr
v.
Huntley.

Neither does the fact that some of the articles might have been sold by the defendant, as agent, before he agreed to be the purchaser, alter the right to charge. When, by the agreement of the parties, the agency of the defendant was rescinded, and the defendant became a purchaser, then the plaintiff had all the rights of a vendor, including the right to charge on book. It is the same as any case where, by the agreement of the parties, a charge is transferred on book from one man to another.

Judgment affirmed.